This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                                          **NO. 35,503**

**TANYA CARRILLO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Steven Johnston, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}    The State appeals from the district court's order granting Defendant Tanya Carrillo's motion to suppress her incriminating statements. We issued a calendar notice proposing to affirm. The State filed a memorandum partially opposing our proposed notice of disposition. After due consideration, we are not persuaded by the State's arguments and therefore affirm.

{2}    In its docketing statement, the State argued that the district court erred in suppressing Defendant's statements because she heard the *Miranda* warnings shortly before the beginning of her first interview with Officer Davis, and she understood her rights as described in the warnings. [DS 3] In our calendar notice, we explained in detail why we were not persuaded by this contention, and we proposed to affirm the district court's order suppressing evidence. [CN 3-4] In response to this Court's calendar notice, the State filed a memorandum, in which it states that it opposes our notice of proposed disposition "only insofar as the [district court] order appears to completely exclude Defendant's statements." [MIO 1]

{3}    The State acknowledges that the district court was not convinced that Defendant was read her *Miranda* rights. [MIO 7] Additionally, the State concedes that the district court did not err in suppressing "Defendant's incriminating statements from the State's case in chief." [MIO 7] However, the State takes issue with the fact that the

2

district court's order appears to exclude Defendant's statements entirely. [MIO 8; *see* RP 61 (stating that, because the district court was not satisfied that Defendant was read her *Miranda* rights, these statements are not admissible: "[a]ny statements made by Defendant involving drug use or drug possession, to include drug paraphernalia" and "[a]ny statements regarding where she obtains her drugs from")] The State contends that the order is too broad and that Defendant's statements are admissible for the purpose of impeachment if she testifies. [MIO 5-9]

{4}     The State now asks this Court "to affirm the district court's decision with the clarification that Defendant's statements are excluded only from the State's case in chief, or, in the alternative, to remand this case to the district court to make an initial determination whether Defendant's statements were voluntary and, therefore, admissible for the purpose of impeachment." [MIO 9] We will not address hypothetical issues that could have no effect on the resolution of a case. *See State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("[I]t is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration in original) (internal quotation marks and citation omitted)); *see also Santa Fe S. Ry., Inc. v. Baucis Ltd. Liab. Co.*, 1998-NMCA-002, ¶ 24, 124 N.M. 430, 952 P.2d 31 ("Our concern with issuing advisory opinions stems from the waste of judicial resources used to resolve hypothetical

3

situations which may or may not arise."). Therefore, we decline the State's invitation to address whether Defendant's statements would be admissible for impeachment purposes "in the event that she testifies[.]" [MIO 9]

{5} For the reasons stated in our notice and in this opinion, we affirm.

{6} **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

4